[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 08-12906

———————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-01334 MD-FAM

M.D. LEONARD J. KLAY, et al.

Plaintiffs,

HENSTORF,

Plaintiff-Appellant,

versus

ALL DEFENDANTS, et al.,

Defendants,

WELLPOINT HEALTH NETWORKS, INC.,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————

(January 27, 2009)

Before DUBINA and CARNES, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

In this appeal, we must determine whether the district court acted properly in concluding that the appellants—a group of plaintiffs including California physicians and health care groups ("Henstorf plaintiffs") that allege claims against appellees Wellpoint Health Networks, Inc., Blue Cross of California (collectively, "Wellpoint"), and State Compensation Insurance Fund ("SCIF") in proceedings in California—are barred from bringing their state court action by the doctrine of res judicata, due to a class action settlement in an earlier suit against Wellpoint, *In re Managed Care Litigation*, 430 F. Supp. 2d 1336 (S.D. Fla. 2006) (the "MDL Actions" or "Shane/Thomas" litigation).[1]

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument,[2] we affirm the district court's order adopting the

---

[*]Honorable Jane Restani, United States Court of International Trade Chief Judge, sitting by designation.

[1]The MDL Actions encompassed the following three multi-district class actions: *Shane v. Humana Inc.*, No. 00-1334-MD-MORENO ("*Shane I*"); *Shane v. Humana Inc.*, No. 04-21589-CIV-MORENO ("*Shane II*"); and *Thomas v. Blue Cross & Blue Shield Assoc.*, No. 03-21296-CIV-MORENO ("*Thomas*").

[2]At oral argument, the Henstorf plaintiffs asserted that one of their claims had not been addressed below: "Neither the magistrate nor the district judge addressed our argument as to whether or not our case, which is ongoing, is enjoined after the period of the Effective Date of the release, on the theory that we don't believe you can have a release that complies with public policy that operates to enjoin future conduct." (Oral Argument, January 13th, 2009.) We disagree. In the

2

magistrate judge's report and recommendation and enjoining the appellants from further prosecuting their claims in California, based on the thorough and well-reasoned report and recommendation of the magistrate judge filed on April 21, 2008.

**AFFIRMED.**

---

report and recommendation adopted by the district court, the magistrate judge concluded that the plaintiffs "are forced to concede that their claims predate the Effective Date of the settlement." (R. 5838 at 18.) We are satisfied that the magistrate judge and the district court judge considered and rejected the Henstorf plaintiffs' argument that the release operates to enjoin future conduct.